UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Nicolas Castaneda,                )      CASE NO.:  2:24-cv-06926-BHH-MHC
     Plaintiff,                    )
                        )
      vs.                        )
                        )      **COMPLAINT**
Volvo Cars USA, LLC,              )      **Jury Trial Requested**
     Defendant.                   )

### JURISDICTION AND PARTIES

1.   This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for race, color, and national origin discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2.   All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, 42 U.S.C. §1981 have occurred or been complied with.

    a.   A charge of employment discrimination on the basis of race, color, and national origin discrimination and. retaliation filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b.   Notification of the Right to Sue was received from the Equal Employment Opportunity Commission ("EEOC") on or about September 16, 2024.

    c.   This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3.   Plaintiff, Nicolas Castaneda, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4.   All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5.   Defendant, Volvo Car USA, LLC, upon information and belief, is a domestic corporation organized and operating under the laws of South Carolina.

6.   Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7.   Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about December 11, 2023, Plaintiff (Hispanic) began working for Defendant as a Team Member.

11. Beginning the first day of his employment, Plaintiff was subjected to numerous inappropriate race, color, and national origin comments and slurs by various employees, including, but not limited to, Plaintiff's supervisor, and the Human Resources Manager.

12. On or about December 11, 2023, Plaintiff was discriminated by the Human Resources Manager, Julia Moore, when she questioned the legitimacy of Plaintiff's immigration documents. Ms. Moore then made discriminating comments such as "this immigrant," and "you will pay for this," when Plaintiff called the US Citizenship and Immigration Services for them to verify the legitimacy of his documents.

13. One of Plaintiff's supervisors (African American) then discriminated against him when he made statements such as "can you even understand me?" and "you don't belong here, because you don't speak English."

14. Another of Plaintiff's supervisors (Caucasian) discriminated against him when he started making comments such as "don't mess with people from Colombia, they are very dangerous. Do you know Pablo Escobar? Andale! Andale! Amigo!" (made with a Hispanic accent).

15. On or about December 15, 2023, Plaintiff asked a supervisor for a phone number to contact someone about the discrimination. He was given a number for Samantha Carpenter, who was unavailable that day, so he reported the discrimination to Ms. Carpenter on Monday, December 18, 2023.

16. Following Plaintiff's report of race, color, and national origin discrimination, Defendant retaliated against Plaintiff by terminating his employment on or about December 18, 2023.

17. Defendant retaliated against Plaintiff for reporting the acts and failed to stop the discrimination, detrimental treatment, and inappropriate behavior, thereby creating a hostile work environment.

18. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of race, color, and national origin discrimination, detrimental treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

19. Despite his reporting of the behavior, Defendant did not take appropriate action to resolve the problems.

## <u>FOR A FIRST CAUSE OF ACTION</u>
### Violation of Title VII - Racial Discrimination

20. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

21. Plaintiff is a member of a protected group on the basis of his race, color and national origin. Plaintiff was retaliated against and terminated based on his race, color or national origin in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

22. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a.    In failing to continue to employ Plaintiff due to his race, color or national origin;

    b.    In showing preferential treatment to non-Hispanic employees and detrimental treatment to Plaintiff; and

    c.    In discharging Plaintiff due to his race, color or national origin and in retaliation for filing reports of the discriminations and inappropriate behaviors.

23. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

24. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

25. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, color or national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

26. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

27. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

28. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Violation of Title VII - Retaliation

29. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.  Upon reporting the detrimental treatment and discrimination based on his race, color or national origin, Plaintiff was terminated from his position in retaliation for asserting his rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

31. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

32. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of Defendant's retaliation as alleged above.

33. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

34. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## REQUEST FOR RELIEF

35. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

36. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

37. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1.    Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2.    Prejudgment interest, costs and attorney's fees as may be allowed by law;

3.    Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4.    Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5.    Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.    Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Landon L. Brock*
Landon L. Brock (Fed. I.D. # 13528)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
December 2, 2024

5